CLERK'S OFFICE U.S DIST. COURT
AT ROANOKE, VA
FILED

APR 20 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DON W. MCKINNEY, | ) | CASE NO. 7:12CV00166 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Don W. McKinney, proceeding pro se, filed a complaint seeking monetary damages for "false incarceration."[1] Liberally construing McKinney's submission as alleging violations of his constitutional rights, the court filed his complaint as a civil rights action pursuant to 42 U.S.C. § 1983. Because McKinney did not prepay the $350.00 filing fee, the court also construes his submission as seeking to proceed in forma pauperis, and will grant him this status. After review of the record, however, the court summarily dismisses the action without prejudice, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim.

I

McKinney alleges the following sparse facts about his case. In October 1993, authorities arrested McKinney on a criminal charge and a probation violation charge and detained him until February 1994. McKinney pleaded not guilty in the Wise County Circuit Court to both charges. Just days later, McKinney's attorney advised him to plead not guilty by reason of insanity, and the judge accepted that plea.

McKinney asserts that the Court could have obtained records that would have persuaded a jury to find him not guilty on both charges, because there was "no evidence." McKinney also contends that because the Court acted in "bad faith," McKinney suffered "false incarceration" in

---

[1] McKinney is no longer detained.

the Wise County Jail in 1993-1994 and in the Department of Mental Retardation and Substance Abuse Services. He sues the Commonwealth of Virginia for "18 to 19 million dollars."

## II

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)). To state an actionable claim, the factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The only defendant that McKinney names in this lawsuit is the Commonwealth of Virginia. It is well settled that a state cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). In addition, the Eleventh Amendment bars suits directly against the state, regardless of the nature of relief sought. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996). Thus, McKinney cannot proceed with his lawsuit against the Commonwealth, and all claims against this defendant must be dismissed under § 1915(e)(2)(b).

Moreover, McKinney's complaint fails to allege sufficient facts to state any actionable claim under § 1983 against anyone. The complaint consists of a collection of conclusory assertions and opinions and does not forecast facts on which McKinney could prove an actionable claim that he suffered a violation of his constitutional rights related to his pretrial detention or his detention after his plea of not guilty by reason of insanity. Twombly, 550 U.S.

at 555; <u>Nasim v. Warden, Md. House of Correction</u>, 64 F.3d 951, 953 (4th Cir. 1995) (finding that § 1915 permits district courts to independently assess the merits of *in forma pauperis* complaints, and "to exclude suits that have no arguable basis in law or fact").

### III

For the reasons stated, the court dismisses McKinney's complaint without prejudice, pursuant to § 1915(e)(2)(b), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of April, 2012.

*/s/ James C. Turk*
Senior United States District Judge